UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WASTE ACTION PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> WILLIS ENTERPRISES, INC., <br><br> Defendant. | Case No. 3:20-CV-05912-TL <br><br> [PROPOSED] CONSENT DECREE |

## I.  STIPULATIONS

WHEREAS, Plaintiff Waste Action Project filed a complaint against Defendant Willis Enterprises, Inc. ("Willis") alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq., relating to discharges of stormwater associated with industrial activities and other pollutants from Willis's facility, located at 208 Park Street, Oakville, WA 98586 (the "Facility") and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

WHEREAS, Waste Action Project and Willis agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate means of resolving this action.

WHEREAS, Waste Action Project and Willis stipulate to the entry of this Consent Decree without trial or adjudication of any issues of fact or law regarding Plaintiffs' claims that remain undecided or unstipulated, and without any admissions other than those expressly provided in this Consent Decree.

CONSENT DECREE
No. 3:20-cv-05912-TL
1

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

DATED this __th day of February, 2022

| CASCADIA LAW GROUP | SMITH & LOWNEY PLLC |
|---|---|
| By *s/Tisha Pagalilauan* <br> Tisha Pagalilauan, WSBA #28217 <br> Attorney for Defendant | By *s/Marc Zemel* <br> Marc Zemel, WSBA #44325 <br> Attorney for Plaintiff <br> Waste Action Project |

| WILLIS ENTERPRISES, INC. | WASTE ACTION PROJECT |
|---|---|
| By *[signature]* <br> Todd Charlton <br> Vice President, Operations | By *[signature]* <br> Greg Wingard <br> Executive Director |

## I. ORDER AND DECREE

This matter came before the Court upon the foregoing stipulations of the parties. Having considered the stipulations, the United States' notice of non-objection (Dkt. No. 22), the Rose Foundation's letter (Dkt. No. 20-1), and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is fully authorized by the party or parties he or she represents to enter into the terms and conditions of this Consent Decree and to legally bind the party or parties, their successors in interest and assigns of the parties to it.

3. This Consent Decree applies to and binds the parties and their successors in interest and assigns.

CONSENT DECREE
No. 3:20-cv-05912-TL
2

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

4. This Consent Decree and any injunctive relief ordered within will apply to the operation, oversight, or both by Willis of the Facility, which is currently subject to National Pollutant Discharge Elimination System Permit No. WAR000871 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims alleged in the complaint for the alleged acts or omissions, existing as of the date of entry of this Consent Decree, that the complaint asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operations of the Facility against Willis, its employees, agents, successors and assigns. Upon termination of this Consent Decree, these claims will be released and dismissed with prejudice.

6. The parties agree that the obligations undertaken under Paragraphs 7, 8 and 9 are in full and complete satisfaction of all the claims covered by this decree.

7. Injunctive Relief:

    a. As used in this Consent Decree, the following terms have the following meanings:

        1. "Northern Log Storage Area" refers to an area of the Facility used for log storage, located northwest of the rest of the Facility, and north of railroad tracks.

        2. "Level 3 Corrective Action" refers to the actions required under NPDES Permit Condition S8.D described with the same term.

        3. "BMPs" refers to stormwater best management practices.

        4. "SWPPP" refers to a Stormwater Pollution Prevention Plan under the NPDES Permit.

    b. Willis will comply fully with the terms and provisions of the NPDES Permit at the Facility and any successor, modified, or replacement permit.

    c. **Within five (5) days** of entry of this Consent Decree, Willis will review Department of Ecology-approved discharge sample collection methodology, and train any

CONSENT DECREE
No. 3:20-cv-05912-TL
3

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

Facility staff responsible for collecting samples who have not been trained in the last year in proper sample collection methodology. Willis will ensure the use of proper methodology when collecting discharge samples under the NPDES Permit.

        d.      Willis will regularly monitor the condition and effectiveness of its new infiltration trench and related stormwater piping. Willis will maintain and repair the infiltration trench and piping to ensure efficient operation and reduce the frequency of stormwater discharges.

        e.      Willis will maintain a sampling location under the NPDES Permit for the Northern Log Storage Area, in addition to at least one other sampling location.

        f.      **For three (3) years** after entry of this Consent Decree, Willis will collect stormwater samples from each of its sampling locations at least once per month between October 1 and July 1 of each year, if a discharge occurs within regular business hours. Willis will follow the sample and laboratory documentation conditions of NPDES Permit Condition S4.B.4-6 and have the samples analyzed by an accredited laboratory for all NPDES Permit parameters applicable to the Facility (i.e. turbidity, pH, copper, zinc, total suspended solids (TSS), chemical oxygen demand (COD)). Observations for oil sheen need not be done by an accredited laboratory but must also be monitored.

        g.      If Willis exceeds an applicable benchmark in the NPDES Permit for any two quarters during a calendar year in the three (3) years following entry of this Consent Decree, Willis will complete a Level 3 Corrective Action as provided and under the deadlines in NPDES Permit Condition S8.D, to include additional treatment BMPs with the goal of achieving the applicable benchmark value(s) in future discharges. Before installing treatment BMPs that require site-specific design or sizing of structures, equipment, or processes to collect, convey, treat, reclaim, or dispose of industrial stormwater, Willis will submit an engineering report to the Department of Ecology for review, with contemporaneous copy to Plaintiff. The engineering report must include the components described in NPDES Permit Condition S8.D.3.a. A

CONSENT DECREE
No. 3:20-cv-05912-TL
4

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

qualified industrial stormwater professional must promptly review a revised Facility SWPPP that incorporates the additional treatment BMPs, sign the SWPPP certification form, and certify that it is reasonably expected to meet the NPDES Permit benchmarks upon implementation.  Willis will promptly notify WAP when this condition is triggered.

        h.      Within two (2) weeks of entry of this Consent Decree and with the assistance of a qualified stormwater consultant, Willis will implement new BMPs to eliminate sediment track-out from the Facility, including but not limited to weekly sweeping with high-performance equipment and more frequently as conditions warrant.

        i.      On a monthly basis, Willis will forward all of its communications or submissions with the Department of Ecology related to the Facility to Waste Action Project.

8.     Payment in Lieu of Penalty:

    a.   **Within fourteen (14) days** of entry of this Consent Decree by the Court, Willis will make a payment in the amount of EIGHTY-FIVE THOUSAND DOLLARS ($85,000) to the Rose Foundation for Communities and the Environment for projects to improve the water quality in the Chehalis River watershed, including Grays Harbor, as described in <u>Exhibit 1</u> to this Consent Decree.  Unless the parties mutually agree to wire payments, the check to the Rose Foundation for Communities and the Environment, Attention: Tim Little, 201 4th Street, Suite 102, Oakland, CA 94607.  Payments will include the following reference in a cover letter or on the check: "Consent Decree, Waste Action Project v. Willis Enterprises, Inc., W.D. Wash. No. 3:20-cv-05912-TL."  A copy of the checks and cover letters, if any, will be sent simultaneously to WAP and its counsel.

9.     Costs of Litigation:

    a.   **Within fourteen (14) days** of entry of this Consent Decree by the Court, Wills will pay FIFTY-THREE THOUSAND, SEVEN HUNDRED AND FIFTY DOLLARS ($53,750) to cover WAP's litigation fees, expenses and costs (including reasonable attorney and expert witness fees) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA

CONSENT DECREE
No. 3:20-cv-05912-TL
5

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

98112, Attn: Marc Zemel.  Willis's payment will be in full and complete satisfaction of any claims WAP has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in this litigation.

10. The payments described under Paragraphs 8 and 9 above shall be in full and complete satisfaction of any claims Waste Action Project has or may have against Willis, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and cost incurred in this litigation, or for civil penalties, or payments in lieu of civil penalties pursuant to a supplemental environmental project under the CWA.

11. A force majeure event is any event outside the reasonable control of Willis that causes a delay in performing tasks required by this decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this decree, provided that Willis timely notifies Plaintiff of the event; the steps that Willis will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

Willis will notify Plaintiffs of the occurrence of a force majeure event as soon as reasonably possible but, in any case, **no later than fifteen (15) days** after the occurrence of the event.  In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendants have no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

CONSENT DECREE
No. 3:20-cv-05912-TL
6

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

f.  Strikes;

g.  Any permit or other approval sought by Willis from a government authority to implement any of the actions required by this consent decree where such approval is not granted or is delayed, and where Willis has timely and in good faith sought the permit or approval; and

h.  Litigation, arbitration, or mediation that causes delay.

12. This Court retains jurisdiction over this matter. And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this decree or to resolve any dispute regarding the terms or conditions of this Consent Decree. In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.  The provisions of CWA section 505(d), 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

13. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the filing of this Consent Decree by the parties, Plaintiff will serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

14. This Consent Decree will take effect upon entry by this Court.  It terminates **three (3) years after entry, or upon completion of all obligations imposed by the Consent Decree**, whichever is later.

15. All parties have participated in drafting this Consent Decree.

CONSENT DECREE
No. 3:20-cv-05912-TL
7

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

16. This Consent Decree may be modified only upon the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Consent Decree.

18. All communications between the parties shall be through legal counsel. Notifications or copies required by this Consent Decree to be made to Plaintiff shall be delivered electronically to:

> Waste Action Project
> Attn: Greg Wingard
> P.O. Box 9281,
> Covington, WA 98042
> E-mail: gwingard@earthlink.net

Notifications required by this Consent Decree to be made to Willis shall be mailed to:

> Todd Charlton
> Willis Enterprises, Inc
> PO Box 457
> Oakville, WA 98568

And to:

> Tisha Pagalilauan
> Cascadia Law Group PLLC
> 1201 3rd Avenue, Suite 320
> Seattle, WA 98101
> tpagalilauan@cascadialaw.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if

CONSENT DECREE
No. 3:20-cv-05912-TL
8

Smith & Lowney, p.l.l.c.
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver.

Dated this 2nd day of May 2022.

_____
Tana Lin
United States District Judge

Presented by:

| CASCADIA LAW GROUP | SMITH & LOWNEY PLLC |
|---|---|
| By s/Tisha Pagalilauan<br>Tisha Pagalilauan, WSBA #28217<br>Attorney for Defendant | By s/Marc Zemel<br>Marc Zemel, WSBA #44325<br>Attorneys for Plaintiff |

CONSENT DECREE
No. 3:20-cv-05912-TL
9

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883